# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

**SHILA ZAYANDEROUDI**
6115 Shady Oak Lane
Bethesda, MD 20817

       **Plaintiff,**

**v.**

    Civ. No.: _____

**NATIONAL RAILROAD PASSENGER CORPORATION**
1 Massachusetts Avenue, NW
Washington, DC 20001

      **Defendant.**

## COMPLAINT

**COMES NOW** the Plaintiff, Shila Zayanderoudi, by and through her attorneys, Edward L. Norwind, Esq., Zachary King, Esq., and Allia Borowski, Esq. of the law firm of Karp, Wigodsky, Norwind, Kudel & Gold, P.A., and states the following cause of action against the Defendant National Railroad Passenger Corporation:

## JURISDICTION AND PARTIES

1.    This cause of action arose on October 31, 2021, when Plaintiff Shila Zayanderoudi, a passenger on an Amtrak train, fell out of the train when the train suddenly and without warning jerked forward, causing her to fall onto the platform.  As a result of this action, Plaintiff was seriously injured.

2.    At all relevant times up to and including this incident, Plaintiff Shila Zayanderoudi was an adult residing in Bethesda, Maryland.

3.    Upon information and belief, at all relevant times up to and including this incident, Defendant National Railroad Passenger Corporation, also known as "Amtrak," was a corporation

organized and existing under the laws of the District of Columbia with its principal place of business in the District of Columbia.

4.      This Honorable Court has federal question Subject Matter Jurisdiction because Defendant is a corporation organized under federal law pursuant to 28 U.S.C. § 1349. Defendant's issued and outstanding stock is owned by the United States government, through the U.S. Department of Transportation.

5.      This Court also has Personal Jurisdiction of Defendant because Defendant transacts business in the State of Maryland, operating Amtrak trains through the state, and the events giving rise to the claim occurred in Prince George's County, Maryland.

6.      Venue is also therefore proper in the United States District Court for the District of Maryland, Southern Division, pursuant to 28 U.S.C §§ 100; 1391(b)(2).

**COUNT I**
**(Personal Injury - Negligence)**

7.      Plaintiff re-alleges and incorporates by reference paragraphs 1 through 6 of this Complaint.

8.      On October 31, 2021, Plaintiff Shila Zayanderoudi was on Amtrak train number 189 from New York City to Maryland. The train arrived at the New Carrollton Amtrak Station in Prince George's County, Maryland at approximately 7:15 p.m.

9.      The train stopped and the doors opened to allow passengers, including Plaintiff, to disembark.

10.     As Plaintiff was stepping off the train, the train suddenly and without warning jerked forward, causing Plaintiff to fall out of the train and onto the platform.

11.     As Plaintiff was falling, her foot caught in the gap between the train and the platform, resulting in her falling on her left side.

12.     As a result of the fall, Plaintiff sustained serious and permanent injuries, including but not limited to: a comminuted, displaced fracture of the surgical neck of her left humerus; adhesive capsulitis of her left shoulder; and a sprain of her left shoulder joint.  On November 1, 2021, Plaintiff underwent an Open Reduction Internal Fixation surgery of her left proximal humerus, including insertion of hardware.  Following the surgery, Plaintiff developed adhesive capsulitis, and continued suffering persistent pain, range of motion deficits, and other ongoing functional limitations.  On March 16, 2022, Plaintiff underwent a second surgery on her left upper extremity, including a subacromial decompression, lysis of adhesions, and removal of hardware (*viz.,* left shoulder plate and screws).  Plaintiff has suffered permanent disability in her left upper extremity.

13.     Plaintiff was not contributorily negligent, nor did she assume the risk of the incident.

14.     At all relevant times, Defendant National Railroad Passenger Corporation was a common carrier, owing a continuing duty of care to its passengers.

15.     As a common carrier, Defendant is bound to employ the highest degree of care for its passengers.  Defendant is therefore bound to employ the utmost care and diligence which human foresight can use.

16.     Defendant owed to its passengers, including Plaintiff, a duty to deliver them to their destination as expeditiously as possible, consistent with safety.  This duty includes not only the duty to transport the passengers safely from one place to another but also to provide safe ingress and egress.

17. Defendant breached said duty of care when it negligently operated Amtrak train number 189 by allowing the train to jerk forward once the doors had opened for passengers to disembark.

18. Defendant was negligent in the following ways:

a. Failing to operate as a common carrier with a heightened duty of care towards its passengers, including Plaintiff;

b. Failing to bring Amtrak train number 189 to a complete stop before opening the doors to allow Plaintiff to disembark;

c. Failing to operate the Amtrak train in a manner consistent with the safety of its passengers, including Plaintiff;

d. Failing to transport its passengers, including Plaintiff, safely from one destination to another;

e. Failing to warn passengers, including Plaintiff, that the train may jerk forward after the doors were opened;

f. Failing to provide safe egress for passengers, including Plaintiff;

g. Failing to maintain the safety of the train, including its brakes;

h. Failing to reasonably inspect the train, including its brakes, to detect malfunctions, hazards, or a need for repair or service; and

i. Failing to repair, replace, or otherwise service parts of the train, including its brakes, to maintain the train in safe, working order.

Defendant was negligent in other ways as well.

19. As a direct and proximate result of the negligence described above, Defendant caused the injuries and damages described in this Complaint.

20.     As a direct and proximate result of the incident and the negligent acts and omissions of Defendant, alleged above, Plaintiff sustained serious injuries including a comminuted, displaced fracture of the left humeral neck necessitating emergency surgery.

21.     Plaintiff has incurred and will in the future incur medical, surgical, hospital, therapy, and other expenses for the treatment of her injuries.  She has suffered and will in the future suffer pain, permanent disability, permanent disfigurement, mental anguish, and inconvenience. She has lost and will in the future lose income and/or impairment of her future earning capacity. Plaintiff has been damaged in other ways.

**WHEREFORE,** Plaintiff Shila Zayanderoudi demands judgment against Defendant National Railroad Passenger Corporation for compensatory damages in the amount of $2,000,000 (two million dollars) plus interest and costs, and any and all other relief to which she may be entitled.

Respectfully submitted,

**KARP, WIGODSKY, NORWIND,
KUDEL & GOLD, P.A.**

Edward L. Norwind (Bar No. 08858)
lnorwind@karplawfirm.net

Zachary King, (Bar No. 18040)
zking@karplawfirm.net

Allia Borowski, (Bar No. 21450)
allia@karplawfirm.net
2273 Research Blvd., Suite 200
Rockville, Maryland 20850
301-948-3800 – phone
301-948-5449 – fax
*Counsel for the Plaintiff*

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(a)-(b)(1), Plaintiff demands a trial by jury on all issues so triable in this action.

Edward L. Norwind